# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JOHANNA FOODS, INC. and JOHANNA BEVERAGE COMPANY, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT OF THE UNITED STATES;<br>UNITED STATES;<br>U.S. CUSTOMS AND BORDER PROTECTION,<br>PETE R. FLORES, in his official capacity as Acting Commissioner for U.S. Customs and Border Protection;<br>OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE;<br>JAMIESON GREER, in his official capacity as United States Trade Representative, and HOWARD LUTNICK, in his official capacity as Secretary of Commerce,<br><br>    Defendants. | Before: Timothy M. Reif, Judge<br><br>Court No. 25-00155 |

## MEMORANDUM AND ORDER

    Before the court is plaintiffs' application for a temporary restraining order ("TRO"), Pls.' Appl. for Temporary Restraining Order and Mot. for Prelim. Inj. and/or Summ. J. for Permanent Inj., ECF No. 6, and defendants' response thereto, Defs.' Mot. to Dismiss and Resp. in Opp'n to Pls.' Mot. for a Temporary Restraining Order, ECF No. 10.  Upon consideration of all pertinent papers, and upon a determination that plaintiffs have not clearly shown a likelihood that immediate and irreparable harm would occur before the

threatened August 1, 2025 tariff, the court denies plaintiffs' application for a TRO and stays the instant action.

On July 18, 2025, plaintiffs filed their complaint in this action "to enjoin the unauthorized imposition of tariffs by Defendants on orange juice imports from Brazil to the United States." Compl. at 2, ECF No. 4. Plaintiffs challenge the 50% "Brazil Tariff" that the president announced — but has not effectuated — in a letter of July 9, 2025 (the "Brazil Letter"). *Id.* ¶¶ 23-24, 69; *id.*, Ex. 3. The complaint presumes that the threatened "Brazil Tariff" will be promulgated under the International Emergency Economic Powers Act ("IEEPA") and, based on that presumption, argues that the tariff exceeds the president's authority under IEEPA. *Id.* ¶¶ 56, 69. That said, plaintiffs admit that the letter "is not an executive order, proclamation, or other form of legally binding executive action by which the President can impose tariffs on Brazil." Mem. in Supp. of Pl. Appl. for TRO and Mot. for Prelim. Inj. and/or Summ. J. for Permanent Inj. ("Pl. Br.") at 13, ECF No. 6. The admission of the indefiniteness of the threatened action dooms plaintiffs' request for emergency relief in the form of a TRO.

The Brazil Letter neither cited to nor invoked any statutory or constitutional authority for the Brazil Tariff's potential imposition. *See* Compl., Ex. 3. Accordingly, neither the President nor any agency has taken final action that is subject to judicial review by this Court. *See FTC v. Standard Oil Co. of Ca.,* 449 U.S. 232, 243 (1980) (denying judicial review of an agency action with "no legal force"). Moreover, plaintiffs argue that they will face immediate and irreparable harm from an action that may or may not occur. *See* Pl. Br. at 25-27. It is well-established that hypothetical or speculative harm does not warrant judicial intervention even under an existing legal

action, let alone an expected or threatened legal action. *See, e.g.*, *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 410 (2013) (holding that fear of future injury under an existing statute was insufficient to confer standing when the threatened injury was not "certainly impending").

Plaintiffs argue also that the 10% "Trade Deficit Tariff" established on April 2, 2025, in Executive Order No. 14257 exceeds the President's lawful authority under IEEPA. *Id.* at 18-20. But plaintiffs do not challenge the Trade Deficit Tariff in their complaint. *See* Compl. For that reason, the court declines to consider arguments related to the Trade Deficit Tariff. *See Fuqua v. Lindsey Mgmt. Co.,* 321 F. App'x 732, 734 (10th Cir. 2009) ("Normally a claim or theory that is not adequately raised in the complaint will not be considered."); *see also Charles v. Rice*, 28 F.3d 1312, 1319 (1st Cir. 1994) (affirming a district court's refusal to consider an issue not raised in the complaint); *Chapman v. City of N.Y.,* No. 06-CV-3153-ENV-JMA, 2011 WL 1240001, at *7 (E.D.N.Y. Mar. 30, 2011) (refusing to consider a claim not raised in the complaint (citing *Lyman v. CSX Transp., Inc.,* 364 Fed. Appx. 699, 701 (2d Cir.2010))).

Accordingly, upon consideration of plaintiffs' application for a TRO, and defendants' response thereto, and upon a determination that plaintiffs have not demonstrated a likelihood that immediate and irreparable harm would occur before the imposition of the threatened Brazil Tariff, it is hereby

**ORDERED** that plaintiffs' application for a TRO is **DENIED**; it is further

**ORDERED** that this case is **STAYED** pending a final, unappealable decision in *V.O.S. Selections, Inc. v. United States,* Case No. 25-00066 (Ct. Int'l Trade), Appeal No.

2025-1812 (Fed. Cir.), and *Oregon v. U.S. Dep't of Homeland Security,* Case No. 25-00077 (Ct. Int'l Trade), Appeal No. 2025-1813 (Fed. Cir.).

                                                              /s/    Timothy M. Reif
                                                                        Judge

Dated: <u>July 29, 2025</u>
       New York, New York